[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION RE: PLAINTIFF AND DEFENDANT'SMOTIONS FOR SUMMARY JUDGMENTS
The plaintiff, Raymond Marketing Corp. of North America (Raymond), and the defendant, Therese Cary, have filed "cross motions" for summary judgment together with a stipulation of facts. Each motion is denied.
Raymond initiated this suit after Cary collected a judgment which she had obtained against Raymond in an earlier action. The parties resolved the earlier litigation by entering into a stipulated judgment in favor of Cary for $62,127.08 and further agreed that, if Raymond complied with a specified payment schedule, Cary would accept $55,000 in full satisfaction of the judgment. Cary obtained an execution for the full amount of the judgment after Raymond made a payment after the date specified. Raymond now seeks to recover the amount received by Cary in excess of $55,000. Raymond claims that the payment in question was not late because the stipulated judgment did not contain a "time is of the essence" clause. It also claims Cary waived her right to obtain satisfaction for the full amount of the judgment.
Summary judgment may be appropriately entered when the CT Page 5284-LL pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384. Each side is asking this court to draw different inferences from the stipulated facts. This court concludes there is a genuine dispute which should be decided by the trier of fact. Accordingly, the motions for summary judgment are denied.
The court assumes the parties would like to resolve this dispute with the trier of fact relying solely on the stipulation of facts and the parties' legal briefs. This task can be accomplished by conferring with the case-flow officer and requesting that this case be assigned for a trial before a judge or an attorney-trial referee.
THIM, JUDGE